TOWNSHIP BOARD OF EDUCATION OF TOWNSHIP 44, RANGE 12,. Respondent, *v.* JOHN G. HACKMANN, Appellant.

1. *Eminent domain — Appropriation, of property for local schools constitutional.*— An appropriation of property for the use of a local school (see Wagn. Stat. 1244, 1247, §§ 12, 20; *id.* 327, 328, §§ 3, 4) is an appropriation of it to a public use, within the meaning of section 16, article I, of the State constitution.

2. *Practice, civil — Pleadings — Answer after demurrer overruled, effect of.*— A defendant who answers upon the merits after demurrer overruled,. thereby practically withdraws the demurrer and waives all technical objections to the petition.

Township Board of Education of Township 44, Range 12, v. Hackmann.

*Appeal from Cole Circuit Court.*

*Edwards & Son*, and *G. T. White*, for appellant.

The use must be such as is public in its character, and not merely public because declared such. (East St. Louis v. St. John, 47 Ill. 90; Am. Law Reg. 56; *id.* 164–75; Buffalo & N. Y. R.R. Co. v. Brainard, 5 Seld. 100; 6 How. 545.) "If there is no public necessity, there is no public right, and land taken without such necessity is unlawfully taken, though paid for." (3 Pars. 542; Newby v. Platte County, 25 Mo. 258; Bennett v. Boyle, 40 Barb. 551; 1 Simmons, 412; 44 Mo. 540.) No public inconvenience could have been caused by the location not being made in appellant's field, and it operating as a private mischief. (44 Mo. 486.)

*H. B. Johnson*, with *A. Budd*, for respondent.

I. The statutory provision (2 Wagn. Stat. 1247, § 26) authorizing the condemnation of land for public use as a site for a school-house, is constitutional. (Curtis, Adm'r, v. Whipple, 24 Wis. 350; Williams v. School District, 33 Verm. 271; Cooley on Const. Lim. 533, and cases cited.)

II. When the use for which property is taken is of a public character, it rests with the wisdom of the Legislature to determine when and in what manner the public security requires its exercise; and with the reasonableness of the exercise of that discretion the courts will not interfere. (Williams v. School District, *supra*; Charles River Bridge v. Warren Bridge, 11 Pet. 420; Swan v. Williams, 2 Mich. 427; Beekman v. Sar. & S. R.R. Co., 3 Paige, 73; Harris v. Thompson, 9 Barb. 350; Hartwell v. Armstrong, 19 Barb. 166.)

III. Whether in this particular case the requisite necessity existed for taking this particular piece of land, was a question of fact to be determined solely by the majority of the voters of the sub-district. (Williams v. School District, *supra*; Paine v. Leicester, 22 Verm. 44; West River Bridge Co. v. Dix, 16 Verm. 446.)

CURRIER, Judge, delivered the opinion of the court.

This was a proceeding under the statute (Wagn. Stat. 1244, 1247, §§ 12, 20; *id.* 327–8, §§ 3, 4) for the condemnation of land for a public school-house site. The constitutionality of the law authorizing such condemnation is called in question, and its invalidity, as in conflict with section 16, article I, of the constitution, is insisted upon as a ground for reversing the judgment of the court below. This is the main matter urged against the action of the Circuit Court.

The ground is taken that the appropriation of property for the use of a local school district is not an appropriation of it to a *public use.* This theory is based upon the notion that the proposed use is local and limited, and not for the benefit of the public generally. On this subject Poland, J., in Williams v. School District No. 6 (33 Verm. 271), makes the following observations: " Every public use is to some extent local, and benefits a particular section more than others. Railroads and canals, the most extensive of our public works, do so in some degree. Burying-grounds, aqueducts, mills, and many highways, are as purely local as this, and no person can derive benefit from them except by becoming a resident in their vicinity. In the same way this may be for the benefit of any citizen. But the use in the present case (that of a public school-house) has a more enlarged and liberal view. It is a benefit and advantage to the whole country that all the children should be educated, and thus, by means of educating the children in a single district, benefits the whole. To accomplish this great object of educating the whole, it becomes necessary that a great number of schools should be supported to make them accessible to all; but the principle remains the same as if all the children of the State could attend a single school.; they are all but separate means to accomplish the same great and general benefit."

I concur in these views and adopt them as my own, and am consequently of the opinion that the objection taken to the constitutionality of the law in question is not well founded. In the case above cited the subject of taking private property for public

use is exhaustively examined, the prior decisions reviewed, and the whole matter placed in a strong and clear light. (See also Cooley on Const. Lim. 520 *et seq.*)

The process of condemnation, in the case now before the court, was conducted with observable care and circumspection. The provisions of the statute governing the proceedings appear to have been consulted and scrupulously followed. I see no substantial objection to them, although they have encountered close if not captious criticism. The petition to the Circuit Court for the appointment of commissioners was, in the outset, assailed by a demurrer, but the demurrer was overruled and subsequently in effect abandoned, although the questions sought to be raised by it have been argued here. When the demurrer was overruled the defendant answered upon the merits, and thereby practically withdrew the demurrer and waived all technical objections to the petition. (Pickering v. Mississippi Valley Telegraph Co., 47 Mo. 459.) There is no motion in arrest to test its sufficiency in matter of substance.

Commissioners were appointed in accordance with the prayer of the petition, who in due time returned into court their report, to which no exceptions, as contemplated by the statute, were taken. (1 Wagn. Stat. 328, § 4.) Subsequently to the confirmation of the report and the rendition of final judgment, the defendant moved to set the judgment aside, which motion was overruled, exceptions taken, and the case brought here by appeal.

There is no pretense that the land taken was not assessed at its true value, although it is urged that the commissioners failed to take into consideration the value of a crop of corn growing upon the premises, and that this fact is shown by the report. The report shows no such fact and the objection fails. In my opinion the judgment should be affirmed. The other judges concur.